UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUKENS MARTELUS,

        Plaintiff,

v.                                         Case No. 3:22-cv-874-BJD-JBT

E. PEREZ-LUGO, et al.,

        Defendants.
_____

### ORDER

    Plaintiff, Lukens Martelus, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.). After the Court ordered Plaintiff to show cause why the case should not be dismissed for his failure to pay the filing fee or move to proceed as a pauper, *see* Order (Doc. 3), Plaintiff paid the filing fee in full, *see* Docket. Accordingly, Plaintiff's complaint is before the Court for screening under the Prison Litigation Reform Act (PLRA), which provides that a court must review a complaint by a prisoner against a governmental officer or employee and dismiss the complaint, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b).

Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff names three Defendants in his complaint: Chief healthcare provider at Columbia Correctional Institution (CCI), Dr. E. Perez-Lugo; the

Assistant Warden of Programs at CCI, Christina Crews; and the Secretary of the Florida Department of Corrections (FDOC), Ricky Dixon. *See* Compl. at 2-3. He alleges each Defendant violated his Eighth Amendment rights in the following ways: Dr. Perez-Lugo refused to refer him to a back specialist for special testing per the recommendation of a spine surgeon; Defendant Crews, who "oversee[s] Dr. Perez[-Lugo]," denied Plaintiff's grievances without investigating whether Dr. Perez-Lugo's decision was appropriate; and Defendant Dixon, who "control[s] and oversee[s]" grievance appeals filed with the Office of the Secretary of the FDOC, "grossly overlooked [Plaintiff's] serious medical condiction [sic]."[1] *Id.* at 5-6. Plaintiff says that without the special testing, the spine surgeon cannot perform a necessary surgery, and his back condition continues to deteriorate. *Id.* at 5. As relief, Plaintiff seeks damages. *Id.* at 7.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. A claim for deliberate indifference to a serious illness or injury is cognizable under §

---

[1] Plaintiff also references the Sixth Amendment, *see* Compl. at 6, which has no applicability here. *See* U.S. Const. amend. VI (providing criminal defendants have the right to a public, speedy trial and to be represented by counsel, among other things).

3

1983 as an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "[a] prisoner bringing a deliberate-indifference claim has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). When a prisoner has received some medical treatment, he pleads a deliberate-indifference claim only by alleging facts showing the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). *See also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (identifying the elements of a deliberate indifference claim: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury").

Even if a plaintiff plausibly alleges a medical provider was deliberately indifferent to his serious medical needs, he must allege more to state a cognizable claim against the medical provider's supervisor because liability under § 1983 may not be premised on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). A claim against a supervisor

may proceed only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A causal connection can be established when a supervisor knows a subordinate will act unlawfully or adopts a policy that results in deliberate indifference to an inmate's constitutional rights. *Id. See also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704-06 (11th Cir. 1985) (describing the ways in which a prisoner can allege a prison official, including a supervisor, acted with deliberate indifference to his serious medical needs).

A supervisor also cannot be held liable under § 1983 simply for having received and responded to a prisoner's grievance. *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009))). And when prisoners file grievances complaining about medical treatment, non-medical supervisory officials who respond to those grievances "are entitled to rely on medical judgments made by medical professionals responsible for prisoner care." *Williams v. Limestone*

5

*Cnty., Ala.*, 198 F. App'x 893, 897 (11th Cir. 2006)[2] (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988)).

As demonstrated by his allegations that Defendants Crews and Dixon are responsible for overseeing their subordinates, Plaintiff seeks to proceed against Defendants Crews and Dixon solely on a theory of vicarious liability. *See* Compl. at 5-6. He does not allege they themselves were deliberately indifferent to a serious medical need, nor does he allege facts demonstrating a causal connection between their actions or inactions and an alleged constitutional deprivation. *See Cottone*, 326 F.3d at 1360. *See also Ancata*, 769 F.2d at 705-06. As non-medical providers responding to Plaintiff's grievances about medical care, Defendants Crews and Dixon reasonably were permitted to rely on the doctor's decisions and evaluations. *See Williams*, 198 F. App'x at 897. As such, they are due to be dismissed from this action.

---

[2] Any unpublished decisions cited in this Order are deemed persuasive on the relevant point of law. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022).

Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Defendants Crews and Dixon are **DISMISSED without prejudice**. The **Clerk** shall terminate Defendants Crews and Dixon as parties.

2. By **November 16, 2022**, Plaintiff must provide one copy of his complaint (Doc. 1) for service of process on Dr. Perez-Lugo.

3. The Court **discharges** the Order to Show Cause (Doc. 3).

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Lukens Martelus